UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHRISTOPHER DANIEL GAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.:   1:21-CV-35-TAV-SKL |
| | ) | |
| SCOTT COUNTY IOWA DISTRICT COURT, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

The Court is in receipt of a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in which Petitioner, a federal prisoner housed in the Hamilton County Jail, seeks relief under § 2241 from state court charge(s) for larceny and a resulting detainer from Scott County, Iowa [Doc. 1]. Petitioner specifically states that he has been arrested six times for Scott County, Iowa larceny charge(s) and that he waived extradition after some, if not all, of these arrests, but that he has been released after these arrests because Respondent did not extradite him and/or lifted the detainer, before reinstating it [Doc. 1-1 p. 3].

While Petitioner is currently incarcerated in the Hamilton County Jail, which is located within this District, he has named the Scott County, Iowa District Court as Respondent herein [Doc. 1 p. 1]. However, even if this Court could exercise jurisdiction over this Respondent, which is unlikely, it is apparent that Petitioner's dispute arises out of his allegations that Scott County, Iowa, has failed to extradite him after his arrests due

to its warrant against him but instead has reinstated its detainer.  Thus, the District where the decisions not to extradite Petitioner and/or to reinstate the detainer against him were made and where these records are located is the most appropriate venue for this action, rather than this Court.  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495, 498–500 (1973) (providing that a prisoner serving a sentence in one state may attack a future sentence that he has not yet begun to serve and for which he is subject to a detainer from another state under § 2241 and that, in cases such as this one, where the underlying material events took place in the detainer state jurisdiction, which is also where the relevant persons and records may be found, the state issuing the detainer is "almost surely the most desirable forum for the adjudication of the claim").

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Southern District of Iowa at Davenport, *see* 28 U.S.C. §§ 95(b)(5) and § 1406(a), to allow that Court to screen the petition, and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE